## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JILLIAN M. CARTER,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:17-CV-3-RDP |
| **WALGREENS SPECIALTY PHARMACY LLC,** | } |
| **Defendant.** | } |

## **MEMORANDUM OPINION**

### I.    Introduction

This matter is before the court on Defendant's Motion to Dismiss (Doc. # 9). Defendant contends that this action is due to be dismissed because the statute of limitations expired prior to the commencement of this action. Defendant's motion is fully briefed. (Docs. # 9, 11, 13). The court held oral argument on Defendant's motion on May 10, 2017. For the reasons stated below, Defendant's motion is due to be denied.

### II.    Factual Background

This action has struggled to get off the ground. Plaintiff's accident occurred on January 17, 2015 at a Walgreen's store.[1] (Doc. # 1 at ¶ 4). Plaintiff's Complaint was filed on January 3, 2017, and was designated Case No. 2:17-cv-00003-RDP. (*See* 2:17-cv-00070-RDP docket entry, 01/03/2017). However, Plaintiff did not pay the filing fee associated with this action. Instead, on January 16, 2017, Plaintiff again filed her Complaint with the Clerk of the Court, at which point it was designated as a separate action, No. 2:17-cv-00070-SGC. (*See* 2:17-cv-00070-SGC, Doc. # 1). Plaintiff paid a filing fee contemporaneously with the second complaint. (*Id.*, docket

---

[1] It is undisputed, for the purposes of this motion, that a two year statute of limitations applies to each the claims raised in Plaintiff's complaint. *See* Ala. Code. §6-2-38(l).

entry, 01/17/2017). On January 20, 2017, Plaintiff filed a request for service by certified mail in Case 2:17-cv-00070-SGC. (*Id.*, Doc. # 3). However, on January 24, 2017, the court entered an order directing the Clerk of the Court to apply the filing fee from the second action to this, earlier-filed action, and directing the clerk to close the second action (2:17-cv-00070-SGC). (Doc. # 2). Thereafter, Plaintiff filed a request for service by certified mail in this action, on February 20, 2017. (Doc. # 3). And a summons was issued on March 13, 2017. (Doc. # 4).

Plaintiff has offered an explanation regarding the various delays in this action. She contends that she was unable to submit the filing fee in this action due to technical difficulties related to counsel's PACER account.[2] (Doc. # 11 at p. 2). While Plaintiff filed a request for service by certified mail in Case No. 2:17-cv-00070-SGC on January 20, 2017, her counsel represents that counsel received a voicemail from a representative of the court instructing Plaintiff to "hold off on service" until the court determined how to proceed with the identical pending cases. (*Id.* at p. 3). Following the court's January 24, 2017 order, Plaintiff represents that counsel called the court on January 26, 2017 to determine if she was required to file a new request for service by certified mail. (*Id.*). Plaintiff contends that a representative of the court told her to wait "a few days" before filing a request for service, because "the system" was not showing that the case was active at that time. (*Id.*).

**III. Analysis**

Defendant has moved to dismiss this action on statute of limitations grounds. After careful review, and as an initial matter, the court concludes that Defendant's attempt to defeat this action on statute of limitations grounds at this Rule 12(b) stage is premature. Indeed, a "Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Brotherhood of Locomotive*

---

[2] Plaintiff's counsel clarified the scope of the "technical difficulties" at oral argument.

*Engineers and Trainmen General Committee of Adjustment CSX Transp. Northern Lines v. CSX Transp., Inc.,* 522 F.3d 1190, 1194 (11th Cir. 2008); *McMillian v. AMC Mortg. Services, Inc.*, 560 F. Supp. 2d 1210, 1213 (S.D. Ala.2008) ("A statute of limitations defense is generally not appropriate for evaluation on a Motion to Dismiss filed pursuant [to] Rule 12(b)(6), Fed.R.Civ.P."). Here, Plaintiff's complaint does not demonstrate on its face any basis for dismissal on statute of limitations grounds. The guiding inquiry here is inherently fact sensitive, and to the extent that Defendant seeks a determination based on facts outside of the complaint, Defendant's statute of limitations argument is best reserved for a motion for summary judgment. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense and ... plaintiffs are not required to negate an affirmative defense in their complaint.") (citation and internal marks omitted)

  Second, even if Defendant's statute of limitations argument were properly presented in its motion to dismiss, the argument is unpersuasive. In an action brought in federal court under diversity jurisdiction, "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any [diversity] case is the law of the State." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). And, where there is no Federal Rule which covers the point in dispute, *Erie* commands the enforcement of state law. *Hanna v. Plumer*, 380 U.S. 460, 470 (1965). Federal Rule of Civil Procedure 3 governs the date from which various timing requirements of the Federal Rules begin to run. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). However, Rule 3 "does not affect state statutes of limitations." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-51 (1980) ("There is no indication that [Rule 3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations."). Accordingly, Alabama

state law controls the determination of when an action commences for purposes of satisfying the statute of limitations.

In Alabama, "[t]he filing of a complaint commences an action for purposes of the Alabama Rules of Civil Procedure *but does not* 'commence' an action for purposes of satisfying the statute of limitations." *Precise v. Edwards*, 60 So. 3d 228, 230-31 (Ala. 2010) (internal citations omitted) (emphasis in original). Instead, an action is commenced within the statute of limitations only if the complaint is filed *and* there also exists "a bona fide intent to have it immediately served." *Id.* at 231 (quoting *Dunnam v. Ovbiagele*, 814 So. 2d 232, 237-38 (Ala. 2001)); *see also Maxwell v. Spring Hill Coll.*, 628 So. 2d 335, 336 (Ala. 1993) ("This Court has held that the filing of a complaint, standing alone, does not commence an action for statute of limitations purposes.") (internal quotations omitted). Whether "a bona fide intent existed at the time the complaint was filed must be determined by an objective standard." *ENT Assocs. of Alabama, P.A. v. Hoke*, 2016 WL 4585742, at *5 (Ala. Sept. 2, 2016). And:

> [a]lthough delay may not be evidence, in and of itself, of a lack of a bona fide intent to immediately serve the complaint at the time it is filed, delay in conjunction with the absence of evidence of any steps taken by the plaintiff to effectuate service at the time of filing the complaint is evidence of a lack of a bona fide intent to immediately serve the complaint.

*Id.* at *6.

It is clear that, under Alabama law, no bona fide intent to immediately serve the complaint exists where the plaintiff, upon filing of the complaint, expressly orders the clerk to withhold service of process. *Freer v. Potter*, 413 So. 2d 1079, 1081 (Ala. 1982). Moreover, "delay in conjunction with the absence of evidence of any steps taken by the plaintiff to effectuate service at the time of filing the complaint" may provide evidence of a lack of a bona fide intent to immediately serve the complaint. *ENT Assocs. of Alabama, P.A. v. Hoke*, 2016 WL

4

4585742, at *6. However, when the plaintiff takes steps necessary to accomplish service upon filing of the complaint, there exists a bona fide intent to immediately serve the complaint. *Ex parte E. Alabama Mental Health-Mental Retardation Bd., Inc.*, 939 So. 2d at 4-5.

This black letter law demonstrates the benefit of assessing a plaintiff's intent to serve the complaint on a motion for summary judgment, rather than a motion to dismiss. However, as the court expressed during the hearing on this matter, the record before the court on Defendant's motion to dismiss certainly indicates that there existed a bona fide intent to immediately serve the complaint in this action.[3]

## IV. Conclusion

Defendant's Motion to Dismiss (Doc. # 9) is due to be denied. A separate order will be entered contemporaneously herewith.

**DONE** and **ORDERED** this May 12, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff first attempted to file this action on January 3, 2017, well in advance of the January 17, 2017 deadline imposed by the statute of limitations. Plaintiff's counsel represented to the court at oral argument that she was unable to pay the initial filing fee due to technical issues related to her law firm's PACER account. In any event, Plaintiff did not pay the filing fee at the time she filed her initial complaint. Instead Plaintiff filed her second, but identical, complaint and paid the filing fee within the statute of limitations. Both of the complaints which Plaintiff filed indicated Plaintiff's intention to serve Defendant via certified mail at a designated address. And, Plaintiff filed a request for service by certified mail days after filing her second complaint. This alone (independent of any outside evidence purporting to establish the basis for Plaintiff's delay) is evidence of Plaintiff's bona fide intent to immediately serve the complaint in this action. Moreover, it is informative that Plaintiff filed her complaint a second time after failing to successfully do so on her first attempt. While this was not the proper method of ensuring that the filing fee for this action was paid, it evidences Plaintiff's intent to commence this action and suggests a bona fide attempt to serve Defendant. And, given the brief existence of two identical actions, the court cannot conclude that the short gap between Plaintiff filing her complaint and requesting for service by certified mail (and later requesting summons from the Clerk of the Court) objectively demonstrates a lack of bona fide intent to immediately serve the complaint.