# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JILLIAN M CARTER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:17-cv-00003-RDP** |
| | } | |
| **WALGREENS SPECIALTY PHARMACY** | } | |
| **LLC,** | } | |
| | } | |
| **Defendants.** | | |

## MEMORANDUM OPINION

This case is before the court on the Motion for Summary Judgment filed by Defendant

Walgreen Co. ("Walgreen" or "Defendant").  (Doc. # 26).  The Motion is fully briefed, and

Defendant has filed evidentiary submissions.  (Docs. # 26, 27, 31, 33).  After careful review, the

court concludes that the Motion for Summary Judgment (Doc. # 26) is due to be granted.

## I.    Relevant Undisputed Facts[1]

On January 17, 2015, Jillian Carter ("Plaintiff") was a business invitee at the Walgreen

store located on 4496 Valleydale Road, Birmingham, Alabama 35292.  (Docs. # 26 at ¶ 1; 27-1

at p. 9).  Around mid-morning, Plaintiff entered the store alone to purchase diaper rash cream for

her young daughter.  (Doc. # 27-1 at p. 9).  There was nothing unusual about the lighting in the

store. (*Id.* at p. 10).  Plaintiff's husband and two daughters waited in the car so the purchase

---

[1]  The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are "facts" for summary judgment purposes only.  They may not be the actual facts that could be established through live testimony at trial.  *See Cox v. Admr. U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

could be made "quickly." (*Id.* at p. 9). Plaintiff had previously been to the Valleydale Road Walgreen store "six or seven times." (*Id.*).

Plaintiff was in the store approximately five minutes before she located the rash cream. (*Id.* at p. 10). She found the cream on the top shelf but did not consider the shelf high. (*Id.*). As Plaintiff was reaching towards the top shelf, she slipped and fell. (*Id.*). While slipping, Plaintiff grabbed a shelf to break her fall. (*Id.*). Although half of her calf on her left leg hit the ground, Plaintiff did not fall to the ground because she was supporting the rest of her body with the shelf onto which she was holding. (*Id.*).

After catching herself, Plaintiff claims she noticed what she described as "clear beads" on the floor. (*Id.* at p. 11). Apparently, the substance on the floor was Epsom salt. (*Id.*). Plaintiff claims the Epsom salt was difficult to see and testified the substance could only be seen if "stepped in." (*Id.* at p. 12). She does not know how long the substance was on the floor prior to her fall. (*Id.* at p. 12-13). Plaintiff did not see dirt in the Epsom salt that would indicate that the substance had been on the floor for an extended period, and she did not notice any evidence that the substance had previously been stepped in by another customer. (*Id.* at p. 13). Plaintiff does not dispute that Defendant did not have notice that any substance was on the floor prior to her incident. (Docs. # 26 at ¶ 19; 27-2 at ¶ 6; 31 at p. 1-2).

Following her slip, Plaintiff notified a Walgreen employee that she "had slipped and practically fallen but was able to catch [her]self." (Doc. # 27-1 at p. 13). The employee apologized and said that she would inform the manager. (*Id.*). Plaintiff then left the store and returned to her car. (*Id.* at p. 11). After speaking to her husband, talking to her mother on the phone, and speaking with the on-call physician at her doctor's office, Plaintiff returned to the store approximately ten minutes later to make a report of the incident. (*Id.* at p. 11, 14). When

Plaintiff returned to the store, the Epsom salt had not been removed and no warning sign had been placed around the spill. (*Id.* at p. 11).

On January 3, 2017, Plaintiff filed her Complaint alleging (1) negligence, (2) recklessness and wantonness, and (3) premises liability. (Doc. # 1). The case was assigned to the undersigned and designated case number 2:17-cv-00003-RDP. Plaintiff did not pay the filing fee associated with this action. Instead, on January 16, 2017, Plaintiff again filed her Complaint, and it was designated as a separate action under case number 2:17-cv-00070-SGC. (*See* 2:17-cv-00070-SGC, Doc. # 1). Plaintiff paid a filing fee contemporaneously with her second complaint. On January 20, 2017, Plaintiff filed a request for service by certified mail in Case 2:17-cv-00070-SGC. (2:17-cv-00070-SGC, Doc. # 3). However, on January 24, 2017, the court entered an order directing the Clerk of the Court to apply the filing fee from the second action to this earlier-filed action and directing the clerk to close the second action. (2:17-cv-00070-SGC, Doc. # 2). Thereafter, Plaintiff filed a request for service by certified mail in this action on February 20, 2017, and a summons was issued on March 13, 2017. (Docs. # 3, 4).

On April 17, 2017, Defendant moved to dismiss this action on statute of limitations grounds. (Doc. # 9). The court denied Defendants' Motion to Dismiss on May 12, 2017 and stated the following:

> This black letter law demonstrates the benefit of assessing a plaintiff's intent to serve the complaint on a motion for summary judgment, rather than a motion to dismiss. However, as the court expressed during the hearing on this matter, the record before the court on Defendant's motion to dismiss certainly indicates that there existed a bona fide intent to immediately serve the complaint in this action.

(Doc. # 17 at p. 5). On February 21, 2018, Plaintiff filed the instant Motion for Summary Judgment, which argues that Plaintiff has failed to establish substantial evidence of her claims and that her claims are barred by the statute of limitations. (Doc. # 26). Plaintiff has

"concede[d] that there is no evidence of wanton or reckless conduct." (Doc. # 31 at p. 6). Accordingly, her recklessness and wantonness claim (Count II) is due to be dismissed. The court explores the merits of Plaintiff's negligence and premises liability claims, in turn.

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## IV. Analysis

In order to recover on a negligence claim, a plaintiff must prove a breach of a duty owed and that the breach proximately caused injury or damage. *Lowe's Home Ctrs., Inc. v. Laxson*, 655 So.2d 943, 945-46 (Ala. 1994). In this case, it is undisputed that Plaintiff was a business invitee at Defendant's premises. (Docs. # 26 at ¶ 1; 31 at p. 1-2, 5). The duty a premises owner owes to an invitee is well established: "The duty owed to an invitee by [a business] is the exercise of ordinary and reasonable care to keep the premises in a reasonably safe condition." *Cook v. Wal-Mart Stores, Inc.*, 795 F. Supp. 2d 1269, 1273 (M.D. Ala. 2011) (internal quotations marks omitted) (quoting *Lilya v. Greater Gulf State Fair, Inc.*, 855 So.2d 1049, 1054 (Ala. 2003)). "As the Alabama Supreme Court has reiterated, '[t]he storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.'" *Cook*, 795 F. Supp. 2d at 1273 (quoting *Dolgencorp, Inc. v. Hall*, 890 So.2d 98, 101 (Ala. 2003)).

"To recover in a premises-liability action based on a fall, a plaintiff must prove (1) that her fall was caused by a defect or instrumentality located on the defendant's premises, (2) that the fall was the result of the defendant's negligence, and (3) that the defendant had or should have had notice of the defect or instrumentality before the accident." *Shanklin v. New Pilgrim Towers, L.P.*, 58 So. 3d 1251, 1255 (Ala. Civ. App. 2010) (citing *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992)). Because a business's liability rests on its superior knowledge of the danger that causes an invitee's injury, a business either must have had or should have had notice of the defect before the accident's occurrence in order for negligence to attach. *Cook*, 795 F. Supp. 2d at 1273 (quoting *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So.2d 1162, 1164 (Ala. 1992) and *Fowler v. CEC Entm't*, 921 So.2d 428, 432-33 (Ala.

Civ. App. 2005)).  Therefore, actual or constructive notice of the substance must be proven before a business can be held responsible for an invitee's injury.  *Maddox By & Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990).

In order to establish notice, a plaintiff must prove (1) that the substance on which the plaintiff slipped had been on the floor for a sufficient length of time to impute constructive notice to the business, (2) that the business had actual notice that the substance was on the floor, or (3) that the business was delinquent in not discovering and removing the substance.  *Id.*  "If the business (or one of its employees) creates the dangerous condition, then the business is deemed to have actual notice of it."  *Cook*, 795 F. Supp. 2d at 1273.  If a plaintiff cannot establish notice, then a business's superior knowledge is lacking and that business cannot be held liable for the plaintiff's injuries.  *Id.* (quoting *Fowler*, 921 So.2d at 432-33).

Here, Defendant contends that it is entitled to summary judgment because Plaintiff has not provided any evidence (much less, substantial evidence) that Walgreen had actual or constructive notice of the spilled substance.  (Doc. # 26).  The court agrees with Defendant.

As an initial matter, the court notes that Plaintiff does not dispute that Defendant "did not have notice that any substance was on the floor prior to the incident."  (Docs. # 26 at ¶ 19; 31 at p. 1-2).  The undisputed fact that Defendant "did not have notice" sufficiently shows that Plaintiff cannot state a claim for premises liability.  *See Cook*, 795 F. Supp. 2d at 1273. Notwithstanding this concession, later in her opposition brief, Plaintiff states that "there are genuine issues of material fact regarding whether Walgreen[] had notice, either actual or constructive, of the foreign substance that caused Plaintiff's fall, or was delinquent in failing to discover the substance in a reasonable amount of time and remove it."  (Doc. # 31 at p. 5). Plaintiff does not point to any Rule 56 evidence to support an argument that Defendant had

actual knowledge of the spill; rather, she bases her opposition on the *possibility* of constructive notice. (Doc. # 31 at p. 6-8). Accordingly, in the interest of completeness, and despite Plaintiff's concession in the undisputed facts section of her opposition brief, the court examines the record for substantial evidence of constructive notice below.

In support of her contention that Defendant's constructive notice (or lack thereof) is a genuine issue of material fact, Plaintiff argues the following:

> The fact[s] that no Epsom Salt container was located near the area, that the Walgreen's employee did not request to be shown the area of the floor substance, and that the spilled item was not even cleaned or a sign put out in the ten minutes after Plaintiff's fall is more than substantial evidence from which a juror could infer Walgreen[] already knew or should have discovered the foreign substance that was the cause of Ms. Carter's fall.

(Doc. # 31 at p. 6). Plaintiff also asserts that Defendant had or should have had notice of the spill because her "entire shoe was completely [covered] in the Epsom Salt" and the spilling of granules of Epsom salt would have made a noise.[2] (*Id.* at p. 5-6).

Plaintiff's arguments fail for three main reasons. First, events that occur *after* a slip and fall are not relevant to whether Defendant had or should have had notice of the spill *before* the incident at issue. *Shanklin*, 58 So. 3d at 1255 (stating that a plaintiff must prove "that the defendant had or should have had notice of the defect or instrumentality *before* the accident" in order to state a premises liability claim) (emphasis added).

Second, the size of the spill is not indicative of the length of time the substance was present on the floor. *Tidd v. Walmart Stores, Inc.*, 757 F. Supp. 1322, 1323-24 (N.D. Ala. 1991) ("The record is devoid of evidence regarding the length of time the spill had been on the floor. Plaintiff contends that the size of the spill is sufficient in itself to raise a question of fact

---

[2] This noise argument is not only unsupported, it is nonsensical.

regarding the length of time the spill had been down. The court finds that this fact without more is not sufficient to create a question of fact. A large spill can be as young as a small spill. A large spill can be as sudden as a small spill."). Plaintiff cites *Kenney v. Kroger Co.*, 569 So. 2d 357 (Ala. 1990), (Doc. # 31 at p. 7), but that case does not require a different result. In *Kenney*, a plaintiff who had fallen in a puddle of Pine-Sol offered evidence that she was found on the ground in a pool of Pine-Sol, the "smell of Pine-Sol permeated the area" where she fell, her clothes were "well saturated" with Pine-Sol after her fall, the isle where she fell had not been inspected or cleaned in an hour and forty minutes, and an open bottle of Pine-Sol with a missing cap was on the shelf near where she had fallen. 569 So. 2d at 359. The Alabama Supreme Court found that there was a question of fact as to how long the Pine-Sol had been on the defendant's floor based on Plaintiff's presented facts because "a reasonable person could conclude that the length of time necessary for an amount of Pine-Sol to collect in a pool large enough to saturate the clothing of [the plaintiff's] back and buttocks area was a sufficient length of time to either put the defendant on constructive notice that the substance was there or make the defendant delinquent in not discovering and removing the substance." *Id.* But, the facts of *Kenney* are easily distinguishable because Plaintiff has not offered Rule 56 evidence of unreasonable or delinquent inspection or, more generally, that Defendant should have discovered the Epsom salt prior to her fall. That is, here, there is not the same evidence about volume/saturation suggesting that the spill was apparent for a lengthy period of time or a pungent smell. Indeed, Plaintiff herself conceded that the Epsom salt on the floor was difficult to see and it could only be noticed if one stepped into it. (Doc. # 27-1 at p. 12).

Finally, Plaintiff has not offered any other Rule 56 evidence regarding the length of time the foreign substance remained on the floor that would allow a reasonable jury to infer that the

substance was on the floor long enough to place Defendant on constructive notice of the spill. *See Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982) ("In some cases it is permissible to allow a jury to infer the length of time from the nature and condition of the substance. This has been allowed where the substance is dirty, crumpled, mashed, or has some other characteristic which makes it reasonable to infer that the substance has been on the floor long enough to raise a duty on the defendant to discover and remove it."). Accordingly, instead of being comparable to cases such as *Kenney*, this case more closely aligns to cases where the Alabama Supreme Court dismissed premises liability claims due to a plaintiff's failure to present substantial evidence of actual or constructive notice. *See, e.g.*, *East v. Wal-Mart Stores, Inc.*, 577 So. 2d 459, 460-61 (Ala. 1991) (affirming dismissal of a slip and fall action where the puddle the plaintiff slipped in did not have any skid marks, it appeared to the plaintiff and her husband that no one else had stepped in the substance, and the plaintiff and her husband testified that they did not believe that the defendant had notice of the spill until the accident was reported); *Brown v. Autry Greer & Sons, Inc.*, 551 So. 2d 1049, 1050 (Ala. 1989) (affirming dismissal of a slip and fall action where the store manager testified that he was not aware of any foreign substance or liquid on the floor and the plaintiff failed to offer evidence of notice or delinquency in discovering and removing the substance); *Vargo v. Warehouse Groceries Mgmt., Inc.*, 529 So. 2d 986, 987 (Ala. 1988) (affirming dismissal where a plaintiff slipped and fell in water that had collected in front of an ice machine and the plaintiff and a witness testified that there were several puddles of water in front of the ice machine because "[t]here [was] no evidence in the record whatsoever that [the defendant's] employees knew the water was on the floor or that it had been there such a length of time as to impute constructive notice"). Because Plaintiff has not offered substantial evidence that Defendant had actual or constructive notice of the spilled

Epsom salt prior to Plaintiff's slip, Plaintiff's negligence and premises liability claims fail as a matter of law and are due to be dismissed.[3]  *Cash*, 418 So. 2d at 876 (affirming a dismissal because "[t]here [was] no evidence in the record whatsoever that the defendant knew the can was on the floor or that the can had been on the floor for such an inordinate length of time as to impute constructive notice").

## V.     Conclusion

For all of these reasons, the court concludes that Defendant's Motion for Summary Judgment (Doc. # 26) is due to be granted.  An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 15, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] Because the court finds that his action is due to be dismissed on substantive grounds, the court need not (and does not) explore Defendant's statute of limitations argument.